UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 02- 02 CR 10118-WGY |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| | ) | 26 U.S.C. § 7206(1) |
| DINART SERPA, | ) | Filing False Tax Returns |
| Defendant. | ) | |
| | ) | |

**INFORMATION**

The United States Attorney charges that:

**Introduction**

At all times material to this Information:

1. The defendant, DINART SERPA ("SERPA"), resided at 4 Aston Way, Beverly, Massachusetts.

2. SERPA owned and partially owned, controlled, and operated various Dunkin' Donuts franchises located in Massachusetts, including the following:

| No. | Entity Name | Location |
|---|---|---|
| 1 | ACD, Inc. | 144 Turnpike St., Rowley |
| 2 | APRES, Inc. | 6 Lord Square, Ipswich |
| 3 | Grade, Inc. | 411 Cabot St., Beverly |
| 4 | Dean Serpa, Inc. | 41 Enon St., Beverly |

3. In the course of operating the foregoing franchises, SERPA purchased and caused the purchase of certain goods and services from various vendors, including dairy products from West

Lynn Creamery ("WLC").

4. With regard to purchases from WLC, SERPA participated in a WLC "rebate" program whereby dairy product was sold to SERPA at an inflated price and, approximately 45 to 60 days thereafter, a portion of the purchase price was "rebated" or kicked back to SERPA.

5. SERPA filed materially false U.S. Individual Income Tax Returns (Forms 1040) in that he failed to report as income the remitted monies described in paragraph 4 above.

6. The Internal Revenue Service is a division of the U.S. Department of the Treasury.

The United States Attorney further charges:

**Count 1**: (26 U.S.C. §7206(1) - Filing a Materially False U.S. Income Tax Return)

7. Paragraphs 1 through 6 are incorporated herein by reference.

8. That on or about April 15, 1996 in the District of Massachusetts,

DINART SERPA,

the defendant herein, a resident of Beverly, Massachusetts, did willfully make and subscribe to a 1995 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which tax return he did not believe to be true and correct as to every material matter in that on line 22 of said 1995 tax return, total income of $238,367 was reported, whereas, as he then and there well knew and believed, his total income for 1995 was substantially more than this amount.

All in violation of Title 26, United States Code, Section 7206(1).

The United States Attorney further charges:

**Count 2**: (26 U.S.C. §7206(1) - Filing a Materially False U.S. Income Tax Return)

9. Paragraphs 1 through 6 are incorporated herein by reference.

10. That on or about April 15, 1997 in the District of Massachusetts,

DINART SERPA,

the defendant herein, a resident of Beverly, Massachusetts, did willfully make and subscribe to a 1996 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which tax return he did not believe to be true and correct as to every material matter in that on line 22 of said 1996 tax return, total income of $410,149 was reported, whereas, as he then and there well knew and believed, his total income for 1996 was substantially more than this amount.

All in violation of Title 26, United States Code, Section 7206(1).

The United States Attorney further charges:

**Count 3**: (26 U.S.C. §7206(1) - Filing a Materially False U.S. Income Tax Return)

11. Paragraphs 1 through 6 are incorporated herein by reference.

12. That on or about September 21, 1998 in the District of Massachusetts,

DINART SERPA,

the defendant herein, a resident of Beverly, Massachusetts, did willfully make and subscribe to a 1997 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which tax return he did not believe to be true and correct as to every material matter in that on line 22 of said 1997 tax return, total income of $541,000 was reported, whereas, as he then and there well knew and believed, his total income for 1997 was substantially more than this amount.

All in violation of Title 26, United States Code, Section 7206(1).

MICHAEL J. SULLIVAN
United States Attorney

By: Diane C. Freniere
DIANE C. FRENIERE
Assistant U.S. Attorney

Dated: April 9, 2002